IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James D. Nanney, a/k/a Rent-A-Man Construction, | ) ) ) | C/A No.: 1:21-2356-MGL-SVH |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | ORDER AND NOTICE |
| Department of the Treasury; Internal Revenue Service, | ) ) ) ) | |
| Defendants. | ) ) | |

James D. Nanney ("Plaintiff"), proceeding pro se, filed this complaint against the Department of the Treasury and the Internal Revenue Service ("IRS"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff alleges he completed an individual tax return on March 17, 2021, and he has not received $3,200 of stimulus tax refunds.[1] [ECF No. 1 at

---

[1] The court assumes Plaintiff is referring to payments commonly referred to as "stimulus checks," as provided for in the Coronavirus Aid, Relief, and Economic Security ("CARES Act"), P.L. 116-136 (2020); the Consolidated Appropriations Act, 2021, P.L. 116-260 (2021); and the American Rescue Plan Act of 2021, P.L. 117-2 (2021).

6]. Although Plaintiff is incarcerated in North Carolina, he states he lived in South Carolina and filed his tax return using his South Carolina address. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings

2

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.     Analysis

Pursuant to 28 U.S.C. § 1346(a), the United States consents to be sued in the district court for refund of taxes. However, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax-refund scheme established in the tax code by filing an administrative claim with the IRS. *United States v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008); *see* 26 U.S.C. § 7422(a).

Here, there is no indication Plaintiff has filed an administrative claim. Although he states he wrote "a couple of letters" to Defendants, he has not

demonstrated he has properly filed an administrative claim, which is a prerequisite for suit in this court.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint within 21 days of this order, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint by August 24, 2021, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the court will recommend to the district court that the claims be dismissed.

IT IS SO ORDERED.

August 3, 2021                                     Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge